UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOANN MYERS,

       Plaintiff,

    v.                                              **CIVIL NO. 00-640 DJS/WWD**

MERCK & COMPANY, INC., et al.,

       Defendants.

MEMORANDUM OPINION AND FINAL ORDER

    **THIS MATTER** comes before the Court upon Plaintiff's Motion to Dismiss without Prejudice filed July 25, 2000. The court having reviewed the pleadings and being otherwise advised in the premises finds that Plaintiff's Motion is well taken and shall be granted.

    This case arises out of Plaintiff's claims of sexual discrimination and harassment in employment and retaliation for having complained of discrimination and harassment. Plaintiff filed a Title VII claim against Defendants in state court on November 19, 1999. Defendants removed this case to federal court pursuant to 28 U.S.C. Sec. 1441 on May 3, 2000. On May 24, 2000, the New Mexico Human Rights Division issued for the first time its letter of nondetermination advising Plaintiff of her right to appeal in state court within 30 days. Plaintiff filed her state court appeal on June 22, 2000.

    Plaintiff seeks to have the federal court dismiss without prejudice her Title VII claims. She wants to pursue her state law claims, assault and battery and prima facie tort, in state court. Defendants oppose this motion on the grounds that Plaintiff is trying to defeat federal jurisdiction and that it will suffer unfair prejudice. Defendants' arguments fail.

The well-pleaded complaint rule makes the Plaintiff the "master of the claim." Herrera v. Lovelace Health Systems, et al., 35 F. Supp. 2d 1327 (D.N.M. 1999). If the Plaintiff chooses to rely only on state law she may rightfully avoid federal jurisdiction. If Plaintiff agrees to dismiss her Title VII claim there is no federal jurisdiction.

Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissals after the opposing party has filed an answer. Dismissal under Rule 41(a)(2) is within the sound discretion of the court. 9C. Wright and A. Miller, Federal Practice and Procedure 2364 at 161 (1971). Rule 41(a)(2) is designed "primarily to prevent voluntary dismissals which unfairly affect the other side..." Id. at 165 (quoting Alamance Indus., Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961), *cert. denied*, 368 U.S. 831. To determine whether voluntary dismissal is unfair to the opposing party the court must consider three factors: 1) the opposing party's "effort and expense of preparation for trial"; 2) excessive delay and lack of diligence on the part of the movant in prosecuting the action"; 3) insufficient explanation for the need to take a dismissal." Clark v. Tansy,13 F.3d 1407, 1411 (10th Cir. 1993). The parties have only engaged in initial disclosures and scheduling matters since the removal into federal court. Plaintiff asserts that when she received her notice of administrative exhaustion from the New Mexico Human Rights Commission, she immediately notified defense counsel of her intention to file her state court action and file this motion to dismiss. Plaintiff filed her motion to dismiss the day after she filed her action in state court. Further Plaintiff asserts that her decision to pursue a state law discrimination claim rather than the Title VII claim is based on the later availability of the state law action, the differences in controlling law governing the federal and state claims and the fact that her initial decision to pursue a federal claim was made when she was *pro se*. This explanation is sufficient. These facts outweigh Defendants' concern that maybe Plaintiff will later refile her Title VII action in federal court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's

Complaint and all the causes of action therein are dismissed without prejudice.


_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**